CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

THOMAS R. GREEN (CABN 203480)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, CA 94612
    Telephone: (510) 637-3695
    Fax: (510) 637-3724
    E-Mail: Thomas.Green@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 21-00098 JST; 25-00348 JST |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| NATHANIEL KORDERA DICKENS, | Sentencing Date: March 20, 2022<br>Time: 9:30 a.m. |
| Defendant. | Judge: Hon. Jon S. Tigar |

## I.    INTRODUCTION

The defendant, Nathanial Dickens, stands before the Court to be sentenced following pleading guilty to the single count Information, charging him with felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).  The charge in this case emanates from defendant being arrested following his possession of an assault-style pistol and a high-capacity magazine loaded with six rounds of 7.62 x. 51mm centerfire ammunition.   The same conduct is also charged as a violation of defendant's supervised release conditions in Case No. 21-00098 JST.  For the reasons described in this memorandum, the United States recommends that the Court sentence defendant to a sentence of 48

U.S. SENTENCING MEMORANDUM
CR 21-00098 JST; CR 25-00348 JST

1

months in Case No. 25-00348, a concurrent sentence 18 months in Case No. 21-00098 JST, and a three-year term of supervised release to follow incarceration.  The Court should also order forfeiture of the firearms and ammunition involved in the offense, and a mandatory special assessment of $100.

## II.        FACTUAL AND PROCEDURAL BACKGROUND (PSR ¶¶1-10)

With the exception of the wording of Paragraph 6 of the PSR, the United States agrees with the factual and procedural background set forth in the Presentence Investigation Report ("PSR") and this brief need not repeat the undisputed description of the defendant's offense conduct described in the PSR.

Defendant was charged with felon in possession of ammunition in connection with being caught in possession of an assault-style firearm and a high-capacity magazine loaded with six rounds of 7.62 x. 51mm centerfire ammunition in Oakland, California, where he was the driver and sole occupant of a parked Mazda CX-5.  He admits that he stored the firearm, the detached but attachable high-capacity magazine, and ammunition together in a duffle bag he had with me in the vehicle.  After a police vehicle parked in front of the Mazda CX-5 to prevent Dickens from fleeing the scene in his vehicle, Dickens fled on foot before officers were able to catch Dickens and arrest him without further incident.

Defendant waived indictment and pled guilty pursuant to a plea agreement in which he admits to his possession of the assault-style firearm and a high-capacity magazine loaded with six rounds of 7.62 x. 51mm centerfire ammunition.  Dickens asserts that he possessed the firearm for protection from an individual who had recently been placed in custody. The facts that relate to the circumstances present at the time of his possession of the firearm are the facts described in Paragraph 6 that the parties object to as phrased.

The parties previously agreed to and recommend that the Court replace paragraph 6 in its entirety with new paragraph 6 that would state as follows:

> Mr. Dickens was informed by his Probation Officer in the month prior to the offense that an individual who had previously threatened Mr. Dickens and/or his girlfriend was in custody and thus did not pose any risk to Mr. Dickens, and that Mr. Dickens should not be in possession of any firearms.  Mr. Dickens asserts that he was aware of death threats made against him and for that reason obtained a firearm and possessed it at the time of his arrest.

U.S. SENTENCING MEMORANDUM
CR 21-00098 JST; CR 25-00348 JST

Defendant accepted responsibility early in this case. He remained in custody during the pendency of the supervised release violations in Case No. 21-00098 JST and agreed to waive indictment and plead guilty to an Information charging him with the same criminal conduct underlying the Form 12 agreement. He then pled guilty pursuant to an 11(c)(1)(C) plea agreement by which the parties jointly recommend a modestly below Guidelines sentence of 48-months.

## III.    DEFENDANT'S CRIMINAL HISTORY (PSR ¶¶25-40)

The parties do not dispute the accuracy of defendant's criminal history as detailed in the PSR.

Defendant has a substantial criminal history spanning his adult life. He has four prior 3-point convictions, all involving firearms, including an armed robbery of a pizza restaurant, and numerous concerning arrests, some of which resulted in revocations of parole and post release community supervision ("PRCS").

## IV.    SENTENCING GUIDELINES CALCULATIONS

The parties and the USPO agree that the following guidelines calculations apply:

|   |   |   |   |
|---|---|---|---|
| a. | Base Offense Level<br>U.S.S.G. § 2K2.1(a)(4)<br>(possessing a firearm with a high capacity magazine) | | 20 |
| b. | Acceptance of Responsibility<br>U.S.S.G. 3E1.1 | | -3 |
| c. | Adjusted Offense Level: | | 17 |

(PSR ¶¶ 14-24).

The parties and probation officer also agree that defendant's three prior convictions and status as a person being supervised result in 13 criminal history points, a Criminal History Category VI score, and a Guidelines sentence range of 51 to 63 months.

## V.    STATUTORY SENTENCING FACTORS

### A.    Nature and Circumstances of the Offense

The nature and circumstances of defendant's offense are very serious. Defendant was in possession of an assault-style pistol and a partially loaded extended magazine, a crime defendant has committed too many times.

U.S. SENTENCING MEMORANDUM
CR 21-00098 JST; CR 25-00348 JST

3

But the circumstances of defendant's possession of the firearm in the face of threats from another person defendant had reason to believe had been targeting him, albeit an individual defendant had recently been informed was in custody, provides some context for defendant's crime.

**B.     History and Characteristics of the Defendant**

Defendant appears to have been engaged in criminal conduct with firearms his entire adult life. In addition to his three prior felony convictions, he has suffered at least three convictions for violating the terms of his PRCS.

The PSR also details facts that mitigate in favor of a lower sentence, with the government's sentence based in large part on such mitigation. First, it appears defendant bore an unusual quantum of responsibility helping to raise younger siblings while he was often without the parental guidance all children deserve. Defendant also has lasting physical injuries from an apparent drive by shooting, which may be a function of the dangerous life he has led with firearms.

At the time of the offense conduct, the government understands that defendant had fairly concrete plans to re-locate to Oregon to start a new life away from the persons, guns and violence that have too often characterized his life in the Bay Area. Sadly, defendant engaged in the charged conduct in the face of those plans, but the government commends defendant's intention to turn a new leaf and his stated willingness to relocate to an unfamiliar place to make that happen. The government notes that the PSR indicates that defendant now plans to re-locate to the Eastern District, which would also be a positive move, but it is not clear why he has decided to move to the Eastern District instead of Oregon. In either event, the government supports defendant's supervision being transferred to a district outside of the Northern District where he has struggled to live a law-abiding life.

Defendant expresses the desire to be a better father, which the government applauds, and hopes defendant means.

Without the mitigation in this case, spelled out more thoroughly in the PSR, the United States would not recommend the modestly below Guidelines 48-month sentence for a person with defendant's criminal history and conduct in this case.

//

U.S. SENTENCING MEMORANDUM
CR 21-00098 JST; CR 25-00348 JST

4

**C.      Need to Reflect the Seriousness of the Offense and Deterrence of Criminal Conduct.**

A nearly low-end Guidelines of 48 months is necessary to reflect the seriousness of the offense and to provide deterrence.  Such a sentence is modestly longer than his lost federal sentence by design, as the last sentence defendant received did not deter defendant from further possession of firearms.  But in recommending a sentence that is only modestly longer than the last sentence he received, the prison term is also designed to take the mitigation referenced above and in the PSR into account.  The government also notes that defendant is now 37 years old and he will be over 40 years old when he completes his sentence, an age at which the government hopes defendant will have the maturity and drive to be deterred from further criminal conduct.

**D.      Need to Protect the Public and Avoid Unwarranted Sentencing Disparities.**

A four year sentence is a substantial sentence designed to protect the public and be sufficient to avoid unwarranted sentencing disparity with similar cases.

**VI.      CONCLUSION AND SENTENCING RECOMMENDATION**

For the foregoing reasons, the government respectfully requests that the Court sentence defendant to a 48-month term of imprisonment, a three-year term of supervised release, no fine, forfeiture of the firearm, high capacity magazine and ammunition, and a $100 special assessment in Case No. 25-00348 JST, and a concurrent sentence of 18 months in Case No. 21-00098 JST, which charges defendant with supervised release violations for the same conduct charged in the newer case.

In light of the defendant's criminal history and the nature of his offense, the government also recommends that the Court impose the following expanded search condition, which defendant agreed to accept in his plea agreement:

> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search.  Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion.  Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

The search clause and other requested conditions are necessary to protect the public and serve the interests of deterrence and rehabilitation.  Defendant has possessed firearms on many occasions

while previously on supervision, proving the necessity of the requested search condition to protect the public and deter future gun possession by defendant.

DATED:  March 13, 2026                                      CRAIG H. MISSAKIAN
                                                           United States Attorney


                                                           _/s/ Thomas R. Green_
                                                           THOMAS R. GREEN
                                                           Assistant United States Attorney

U.S. SENTENCING MEMORANDUM
CR 21-00098 JST; CR 25-00348 JST